ON PETITION FOR REHEARING
PER CURIAM.
The executors under the probated will have filed a petition for rehearing in which they correctly assert that the petition for revocation filed by certain heirs at law of decedent did not involve the purported prior will under which C. D. Towers, The Florida National Bank of Jacksonville, and Francis M. Bullard claim as executors and trustees; rather, that said petition challenges the validity of the probated will on the grounds (1) that it is the product of undue influence *639 exercised upon the mind of the testator, and (2) that it was not executed with the formalities required by law; and that the contesting heirs only seek to have the court revoke the probated will and decree that decedent died intestate. Our opinion was in error in stating that the heirs sought to establish the will dated June IS, 1959, as testator’s genuine last will and testament.
The fact is that the alleged will of June IS, 1959, relied upon by said trustees thereunder, was filed in the County Judge’s Court of Duval County on October 5, 1960, which was prior to the proceedings taken by petitioners under F.S. § 732.28, F.S.A., in support of the will of July S, 1960. They were therefore charged with notice of the other will and with knowledge, of course, of the persons named therein as trustees. The grounds upon which the trustees named in the prior will seek revocation of the probated will are (1) that the decedent was mentally incapacitated, and (2) that he was subjected to undue influence. The fact that the grounds of the two petitions for revocation are not identical has no effect upon the sufficiency or timeliness of either as an attack upon the probated will. The mentioned error in our statement of facts had to do with hozv rather than whether petitioners were charged with notice that the trustees under the prior will were parties to whom the Notice of Probate should have been mailed, and under the circumstances the erroneous factual statement is not only inconsequential but in no manner controls our conclusion when viewed in the light of the admitted fact that the prior will was on file.
The petition for rehearing cites the fact that Francis M. Bullard, one of the trustees named in the will of June IS, 1959, was in fact named by petitioners’ “Sworn Statement for Notice of Probate” and described as a “legatee” under the probated will which bequeaths $10,000.00 to him. His address was stated, and Notice of Probate was presumably given to him by mail. We do not accept the contention of the petitioners that notice to Bullard as a legatee under the probated will operates to' preclude either of those named as co-trustees with him under the other will from maintaining proceedings for the revocation of probate of the will incident to which such notice was given. Each person named as-trustee under a will has the duty, independent of his co-trustees, to subserve the testator’s intent.
The petition for rehearing dwells at length upon the proposition that our decision herein renders section 732.28(3), Florida Statutes, F.S.A., nugatory as a statutory method of making an order admitting a will to probate final as to “all persons interested in the estate of the decedent,” and makes it impossible for any “personal representative- or any other interested party” ever to obtain an order of probate which will be final' as to such interested parties who are not named in section 732.28(1). On that basis-it is argued that executors and administrators cannot safely make payment to ben.eficiaries until they are discharged, no matter how needy the beneficiary may be or how beneficial the payment may be from an income tax standpoint. The argument is specious for many reasons, foremost of which is that it is based on the pleader’s-rather than the court’s construction of the statute. Moreover, it is well settled that the personal representatives, after the lapse of the period of time required for filing of claims against their decedent’s estate, and where no attack is pending upon their authority or upon the validity of the will under which they purport to act, may with leave of court make partial distribution to-the beneficiaries, and that under such circumstances they generally have authority to proceed on the assumption that their otherwise lawful acts will not be put in question. Accepting that premise, it is difficult to conceive of any reason in law or in good conscience why at any time prior to final discharge of the personal representative and distribution of the estate, one legitimately entitled to participate therein and who is not barred by laches or statute from asserting the right should not have prefer *640 ence over one whose claim is adjudged to be inferior in character. To hold otherwise would completely ignore the primary rule governing the distribution of estates by will, that is, to carry out the intentions of the testator.
While both here and in the main decision we have dealt at length with subjects which more properly belong to the merits of an appeal rather than to disposition of the suggestion for writ of prohibition, it has been deemed necessary to do so because of the novel situation presented. Fundamentally, the order in question neither usurped nor exceeded jurisdiction of the court over which the respondent judge presides, and prohibition does not lie to review his judgment in the premises.
The petition for rehearing is denied.
CARROLL, DONALD K., Chief Judge, and STURGIS and RAWLS, JJ., concur.